# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANEL LOUIS | : | DOCKET NO. 2:06-cv-1049<br>Section P |
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Anel Louis, pursuant to 28 U.S.C. § 2241. By this petition, Petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner is a native and citizen of Haiti. He entered the United States in 1981 without inspection. *See* Government Exhibit 1.

On August 25, 1992, petitioner was indicted for firearms and controlled substance offenses in federal court. *See* Government Exhibit 2. On January 20, 1993, following a jury trial, petitioner was found guilty of violating 21 U.S.C. § 841 & 846. *See* Government Exhibit 4. He was sentenced on April 15, 1993 to 182 months on each of the two counts, with the sentences to be served concurrently.

On August 17, 1993, the INS lodged a detainer against petitioner with the warden of the Federal Correctional Institution in Oakdale, Louisiana. *See* Government Exhibit 5. On October 21, 2004, a Notice to Appear was issued against petitioner, charging him with being removable.

Petitioner was served with a copy of this Notice to Appear on October 29, 2004. *See* Government Exhibit 6.

While still serving his federal sentence, petitioner appeared for a removal hearing on January 5, 2005. At that hearing, the immigration judge denied petitioner's applications for relief from removal and ordered his removal to Haiti. *See* Government Exhibit 7. Petitioner was released from his federal sentence and into the custody of the United States Immigration & Customs Enforcement on December 9, 2005. *See* Government Exhibit 10.

ICE first requested a travel document for petitioner from the Consulate General of Haiti on October 27, 2005. *See* Government Exhibit 9. Petitioner has been subject to at least two post-order custody reviews undertaken pursuant to 8 CFR § 241.4. *See* Government Exhibits 15 & 18. Following the most recent post-order custody review, a Decision to Continue Detention was issued on June 26, 2006. *See* Government Exhibit 18. The stated reason for the decision to continue petitioner in detention was that repatriation flights of Haitian nationals had recently been resumed and the likelihood of removing petitioner to Haiti caused him to be considered a flight risk. *Id.*

On June 22, 2006, petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention. Petitioner states in his petition that he is subject to a removal order and that he has been in post-removal-order custody pursuant to INA § 241 since December 9, 2005. He challenges his detention as indefinite and claims that his removal to Haiti is not likely to occur in the reasonably foreseeable future. On July 13, 2006, the court ordered the respondents to respond to this petition.

The respondents have filed a response wherein they argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future.

Additionally, the point out that Haiti has recently begun repatriating its citizens.

## **LAW AND ANALYSIS**

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, Petitioner has been in post-removal-order detention since December 9, 2005, a period greater than six months. However, this does not mean that Petitioner is automatically entitled to release. In order for Petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future. This showing has not been made in this case.

It does not appear as if petitioner's Haitian citizenship is disputed, and the petitioner has not produced any evidence to establish that the Haitian Consulate has declined to issue a travel document

3

for him. To support his assertion that his detention is "illegal and indefinite" petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas*. However, the Fifth Circuit recently held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade v. Gonzales*, — F.3d. — , 2006 WL 2136397, *3 (5th Cir. August 1, 2006).

Furthermore, the court takes judicial notice of the fact that the United States and Haiti have been engaged in negotiations to resume repatriation flights to Haiti since the 2005 elections in Haiti. The records of this court reveal that Haiti has recently begun repatriating its citizens with some regularity and that a significant number of Haitians who have petitioned this court for relief were removed to Haiti during the pendency of their *habeas* petition.[1] Thus, there no longer appears to be an institutional barrier to the removal of Haitian citizens.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably

---

[1] *See Pierre-Louis v. Gonzales*, 2:05-cv-2021 (WDLA.) (Removed to Haiti 4/14/2006); *Sainval v. Young*, 2:05-cv-2209 (WDLA) (Removed to Haiti 5/25/2006); *Anock v. Gonzales*, 2:06-cv-13 (WDLA) (Removed to Haiti 4/12/2006); *Menelas v. Young*, 2:06-cv-44 (WDLA) (Removed to Haiti 4/5/2006); *Chevry v. Young,* 2:06-c-v275 (WDLA) (Removed to Haiti 8/14/2006); *Jean-Louis v. Gonzales*, 2:06-cv-316 (WDLA) (Removed to Haiti 7/31/2006); *Datus v. ICE*, 2:06-cv-327 (WDLA) (Removed to Haiti 5/25/2006); *Blanchard v. Chertoff,* 2:06-cv-368 (WDLA) (Removed to Haiti 8/14/2006); *Damas v. Gonzales*, 2:06-cv-452 (WDLA) (Removed to Haiti 7/31/2006); *Louis v. Gonzales*, 2:06-cv-471 (WDLA) (Removed to Haiti 7/31/2006); *Etienne v. Gonzales*, 2:06-cv-489 (WDLA) (Removed to Haiti 5/11/2006); *Jean v. ICE*, 2:06-cv-549 (WDLA) (Removed to Haiti 7/31/2006); *Laurent v. Gonzales*, 2:06-cv-606 (WDLA) (Removed to Haiti 7/31/2006); *Cacius v. Gonzales*, 2:06-cv-639 (WDLA) (Removed to Haiti 7/31/06); *Francis v. Gonzales*, 2:06-cv-823 (WDLA) (Removed to Haiti 7/31/2006); *Jean v. Chertoff,* 2:06-cv-832 (WDLA) (Removed to Haiti 8/14/2006); *Janvier v. ICE*, 2:06-cv-951 (WDLA) (Removed to Haiti 8/14/2006); *Maurice v. Gonzales*, 2:06-cv-959 (WDLA) (Removed to Haiti 7/31/2006); *Jean v. Gonzales*, 2:06-cv-1210 (WDLA) (Removed to Haiti 8/14/2006).

necessary to bring about his removal from the United States.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 31, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE